IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISMAEL PADILLA, ID # 356764,          ) | |
|           Plaintiff,                                    ) | |
| vs.                                                         ) | No. 3:05-CV-2374-B (BH) |
|                                                                 ) | ECF |
| ESTELLE UNIT II, et al.,                       ) | Referred to U.S. Magistrate Judge |
|           Defendants.                                ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff is an inmate currently incarcerated in the state prison system. On November 29, 2005, the Court received a letter from him addressed to the Texas Department of Criminal Justice with this Court as a "c. copy" recipient. Plaintiff therein requested assistance in investigating alleged abuses by the Classifications Committee and Medical Department of the Estelle Unit II, the Texas Board of Pardons and Paroles, and the Texas Department of Criminal Justice Systems Director's Office. Based on the possibility that plaintiff intended to commence a civil rights action, the Court opened the instant action against the alleged abusers under 42 U.S.C. § 1983.

On December 12, 2005, the Court issued a Notice of Deficiency and Order. It therein notified plaintiff of the opening of this case as an action under § 1983, informed him that he had not paid the requisite filing fee nor submitted a request to proceed *in forma pauperis*, and further notified him that his pleading was not on the appropriate form. It granted him twenty days to cure the

deficiencies and warned him that the failure to do so would result in a recommendation that his petition be dismissed for failure to prosecute. It also stated:

> If plaintiff did not intend his letter received November 29, 2005, to be construed as a civil action and if he does not desire to pay the $250 filing fee, he may either submit a "Notice of Dismissal" with this Court under Fed. R. Civ. P. 41(a) or simply take no further action in this case. Whether he submits a Notice of Dismissal or takes no action in response to this Notice of Deficiency and Order, the Court will dismiss the case without assessing the $250 filing fee.

On December 30, 2005, the Court received correspondence from plaintiff in which he indicates that he did not intend the November 29, 2005 letter to be construed as a civil action. He specifically asks the Court to accept the December 30, 2005 letter as his choice to take no action in response to the Notice of Deficiency and Order.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has clearly exhibited an intent not to prosecute this action. Accordingly, the Court should dismiss this action without prejudice for petitioner's failure to prosecute the action.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

SIGNED this 1st day of February, 2006.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE